LUHRING, J.
It is difficult to determine the theory of the defense as set out in the amended affidavit of defense.
It is alleged in the first paragraph that the defendant “is not indebted to the plaintiff in any amount whatsoever . . . and that he complied with the decree” of the Colorado court. However, this allegation must be read in connection with the facts relied upon as set forth in the following paragraphs of the affidavit of defense.
For instance, the affidavit states that he complied with the decree “and paid moneys far in excess of the monthly payments of $35.00 from November 28, 1923, to April 1, 1924,” when they resumed relations as man and wife. It is then alleged that the divorced wife, the plaintiff herein, by “expressions of sorrow” for her past conduct, and her promise to resume relations as “husband and wife,” induced him to come to Philadelphia and to again live with her as “man and wife.” They lived together in Philadelphia, as husband and wife, from the 1st day of April, 1924, to the 28th day of June, 1924, during which time it is alleged that the defendant provided for the support and maintenance *60 of the household and “gave the plaintiff herein, each month, money far in excess of the judgment of the Colorado court.” He claims that there was an understanding and agreement at that time that that portion of the Colorado decree would be held for naught, and that “the defendant herein could disregard the payments in every respect.” The Court may inquire, very properly, as to the consideration of this agreement. At that time, the parties were absolutely divorced. The Colorado decree awarded a divorce a vinculo matrimonii. There is no allegation that they were remarried in Philadelphia. Their living together there as husband and wife, when they were not, is not a consideration for the release of the defendant’s prospective liability for the payment of the monthly installments fixed by the decree.
According to the affidavit of defense, the defendant separated from the plaintiff on June 28, 1924, “and broke off all relationship of every kind with her.”
Subsequently, and in August, 1924, it is alleged that the “defendant offered plaintiff money for the support and maintenance of the minor child” which she refused. The allegations in this connection fail to properly allege a tender, if that defense was intended by the pleader. The affidavit further alleges that the plaintiff married one William Miller September 14, 1925, and that the defendant, relying upon the fact that the child was receiving adequate support, and relying further upon the statements and acts of the plaintiff as to the Colorado decree, and also that the plaintiff “by her acts and agreements has waived all payments under the Colorado decree,” the defendant remarried September 16, 1924, “and this made a considerable change in the defendant’s position and affairs.” Again may we inquire what was the consideration for the waiver?
There is an allegation of a payment of $172.00 to the plaintiff in February, 1928, and it is alleged that in addition to that sum “and during this period” the Veterans Bureau *61 paid to the plaintiff, on behalf of the defendant, the sum of $144.00.
The defendant alleges further a written agreement with the plaintiff on the 10th day of September, 1931, whereby it was agreed between them that the defendant would pay $20.00 monthly for the “care and support of the minor child,” and that this amount has been paid to the plaintiff since that date.
The Colorado decree fixed the rights and liabilities of the parties, and “operated to cause an indebtedness to arise in her (the wife’s) favor as each installment of alimony fell due.” Sistaire v. Sistaire, 218 U. S. 1, 13. The plaintiff is here suing for such past due and accrued installments. As to these past due installments, the Colorado decree is final. The agreements relied on in the affidavit of defense, whereby the plaintiff was to accept monthly payments less than those allowed by the court have reference to future payments, and are without consideration. There is no plea of payment, or release of the past due installments sued upon and the affidavit of defense makes no such claims.
The defendant was undoubtedly indebted to the plaintiff on account of the past due installments. In his brief in opposition to the motion for judgment under the 73d rule, he insists that this debt was extinguished by novation, and relies upon the agreements. Novation is the substitution of a new debt for an old one. There is no allegation to this effect in the amended plea or affidavit of defense, and it nowhere clearly appears that a substitution was in fact intended. Novation is not to be presumed, and the acceptance of a new security for an existing debt does not operate as a payment unless so intended by the parties. In other words, it must appear from the plea and the affidavit of defense that it was clearly the intention of the plaintiff and the defendant to substitute the new agreements for the judgment debt and thereby extinguish it. McCartney v. *62 Kepp, 171 Pa. St. 644. Here the agreements had no reference whatever to the past installments but related solely to future payments, and, as we have seen, are without consideration.
Furthermore, the plea of the statute of limitations is insufficient. The Colorado statute is for six years and the defendant by his plea and affidavit of defense in support thereof relies upon three years as the time within which the action is barred. The demurrer to this plea is sustained and the defendant is given leave to file an amended plea of the statute of limitations if he is so advised, and also a second amended plea and affidavit of defense within ten days. Otherwise, the motion for judgment under the 73d rule is sustained.